**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIM POWELL, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. CIV-08-0753-HE |
| ) | |
| TODD NUNLEY, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs Tim and Heather Powell filed suit against defendants Todd Nunley, Rodney Richards, Jimmie Burner, and the United States of America seeking redress for alleged constitutional violations pursuant to 28 U.S.C. § 1983 and <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Each of the individual defendants is sued in their individual and official capacities. Plaintiffs allege that their First, Fourth and Fourteenth Amendment rights were violated when defendants wrongly executed a "no-knock" warrant at their residence. Plaintiffs have also asserted a variety of state law claims against defendants.

Defendants Nunley, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"), and the United States of America have filed motions for partial dismissal of the action against them pursuant to Fed. R. Civ. P. 12(b)(1) arguing that this court lacks subject matter jurisdiction over several of the claims. Nunley seeks the dismissal of the all claims against him to the extent they assert liability in his official capacity. He also seeks dismissal of the state law claims against him in his individual capacity. Further,

Nunley asserts that he is entitled to qualified immunity as to the constitutional claims. The United States seeks dismissal of all of the constitutional claims against it and two of the state law claims.

Federal courts are courts of limited jurisdiction. The party seeking to invoke federal jurisdiction bears the burden of alleging and proving by competent evidence the facts necessary to support jurisdiction. United States *ex rel.* Holmes v. Consumer Insurance Group, 318 F.3d 1199, 1202 (10th Cir. 2003) (en banc). Motions to dismiss under Rule 12(b)(1) may take one of two forms. First, a facial attack questions the sufficiency of the subject matter jurisdiction allegations in the complaint. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). In addressing a facial attack, the district court accepts as true the allegations in the complaint. *Id.* Second, a factual attack allows a party to go beyond the allegations in the complaint and challenge the factual basis for subject matter jurisdiction. *Id.* at 1003. In reviewing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations and has discretion to consider outside evidence to resolve disputed jurisdictional facts. *Id.* "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id.* (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

## I. The Motion of the United States

The United States argues that sovereign immunity bars plaintiffs' constitutional claims against it, noting that the government's waiver of sovereign immunity in the Federal Tort Claims Act does not extend to constitutional violations committed by federal employees.

F.D.I.C. v. Meyer, 510 U.S. 471, 485-86 (1994). Such actions are appropriately addressed by Bivens-type claims. *See* Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff acknowledges these general principles. As plaintiffs' first, second, third, fourth, and seventh claims are plainly constitutional claims, the United States motion as to the first, second, third, fourth, and seventh claim must be granted.

The United States also objects to plaintiffs' fifth and sixth claims on the basis that plaintiff has not met the administrative prerequisites for those claims. It alleges that plaintiffs' written statement to that ATF did not put the United States on notice of these alleged torts. Under 28 U.S.C. § 2675, claims for damages against the United States must be presented to the appropriate federal agency in a writing sufficient "to enable the agency to begin its own investigation." Bradley v. United States, 951 F.2d 268, 270 (10th Cir. 1991). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Id.*

Plaintiffs' fifth and sixth claims seek to impose liability on defendant Nunley or others as supervisors and on the basis of a custom and practice encompassing a failure to adequately train personnel. Because plaintiffs' administrative claim did not include any reference to supervisor liability or failure to train, the government contends dismissal is appropriate as to both claims. *See* Kikumura v. Osagie, 461 F.3d 1269, 1302 (10th Cir. 2006) *abrogated on other grounds by* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (dismissal is appropriate when plaintiff failed to mention in administrative tort claim that injuries were caused by inadequate training and supervision). "The FTCA bars claimants from bringing

suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993).  The government's characterization of plaintiffs' administrative claims is substantially correct.  The court does not read them as either premised on supervisory failings or on a custom or practice suggesting a failure to train.  These claims are therefore dismissed for to failure to exhaust the administrative remedies.

## II.  The Motion of Defendant Nunley

Defendant Nunley argues that the state claims against him in both his official and individual capacities should be dismissed because the official capacity claims are, in substance, claims against the United States, requiring pursuit under the Federal Tort Claims Act rather than against him, and the individual capacity claims are based on alleged acts occurring within the scope of his employment.  He relies on 28 U.S.C. § 2679(d)(1), which states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . ., and the United States shall be substituted as the party defendant.

The United States Attorney General for the Western District of Oklahoma has made such a certification here.  Plaintiff does not dispute either the law as to the official capacity claims or the impact of the certification.  Accordingly, Nunley's motion should be granted as to the

fifth, sixth, eighth, ninth, and tenth claims.[1]

Nunley also seeks dismissal of the constitutional claims against him in his official capacity. As noted above, claimed constitutional violations by federal agents are appropriately addressed as Bivens-type claims and a "Bivens action may not be brought against federal agencies or agents acting in their official capacities." Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing Meyer, 510 U.S. at 483-86). Accordingly, Nunley's motion to dismiss the first, second, third, fourth, and seventh claims against him in his official capacity will be granted.

Finally, Nunley argues that he is entitled to qualified immunity as to the constitutional claims against him in his individual capacity. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 592 (10th Cir. 1994) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) overruled on other grounds by Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1194-97 (10th Cir. 1998). In a conclusory fashion, Nunley argues that plaintiffs have alleged no claims "which rise to the level of constitutional dimension, therefore they should be dismissed." In resolving cases involving the defense of qualified immunity, the court should "determine first whether the plaintiff has alleged a

---

[1]*Substitution of the United States as party defendant is not required in this instance as, plaintiffs have already asserted the claims against the United States.*

deprivation of a constitutional right." County of Sacramento v. Lewis, 523 U.S. 833, 842 n.5 (1998) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). Then, the court "should ask whether the right allegedly implicated was clearly established at the time of the events in question." *Id.* If the plaintiff asserts the deprivation of a constitutional right that was clearly established at the time, the burden shifts to the defendant to show that "his conduct was objectively reasonable in light of clearly established law and the information known to the defendant at the time." Mick v. Brewer, 76 F.3d 1127, 1134 (10th Cir. 1996).

"Although summary judgment provides the typical vehicle for asserting a qualified immunity defense," the defense may also be asserted as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004). Asserting the defense at the motion to dismiss stage, however, "subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

The Fourth Amendment prohibits unreasonable searches and seizures. The execution of a warrant on the wrong residence violates the resident's Fourth Amendment rights if the officers fail to make an objectively reasonable effort to accurately identify the location to be

searched.  Maryland v. Garrison, 480 U.S. 79, 87-89 (1987).  Further, even if the entry into the incorrect residence is the result of an objectively reasonable mistake, officers may still violate the Fourth Amendment by failing to retreat as soon as they discover or reasonably should discover their mistake.  *Id.*

Plaintiffs have sufficiently alleged the deprivation of a constitutional right that was clearly established at the time.  Plaintiffs allege that Nunley authorized the warrantless entry into their home without probable cause or exigent circumstances, conducted an unlawful search and seizure, intentionally humiliated and degraded them during the detention, detained them for an excessive period of time after executing the warrant on the incorrect property, and used excessive force in detaining them.  Plaintiffs have stated a claim that is plausible on its face.  Nunley's motion to dismiss the constitutional claims based on qualified immunity is therefore denied.

### Summary

Nunley's motion to dismiss [Doc. #29] is **GRANTED** in part and **DENIED** in part.  The motion is granted as to all claims against Nunley in his official capacity and the state law claims against Nunley in his individual capacity.  The motion is denied as to the constitutional claims against Nunley in his individual capacity.  The United States' motion to dismiss [Doc. #30] is **GRANTED**.  Plaintiff is granted leave to file a second amended complaint to assert any negligence claims against the United States arising from the constitutional claims in the complaint.  Any amended complaint shall be filed on or before **March 30, 2009**.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE