## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **TIM POWELL, AND** | ) |
| (2) **HEATHER POWELL,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| - v- | )**Case No.  CIV 08-753HE** |
| | ) |
| (1) **TODD NUNLEY, individually and** | ) |
| **as agent in charge of the** | ) |
| **Bureau of Alcohol, Tobacco,** | ) |
| **Firearms and Explosives of the United States** | ) |
| **Government;** | ) |
| 2) **RODNEY RICHARDS, individually and as** | ) |
| **deputy of the Stephens County Sheriff's Office,** | ) |
| 3) **Jimmie Bruner, individually and as** | ) |
| **Sheriff of Stephens County Sheriff's Office,** | ) |
| **Duncan, Oklahoma, and** | ) |
| 4) **THE UNITED STATES of AMERICA,** | ) |
| **Defendants.** | ) |

### PLAINTIFFS' THIRD AMENDED COMPLAINT

Plaintiffs, TIM POWELL and HEATHER POWELL, who in support of their Third Amended

Complaint, hereby complain and allege for causes of action against the Defendants,  as named and

specified in each respective count below as follows:

### JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and federal law, particularly

under the provisions of the First, Fourth, and Fourteenth Amendments of the Constitution of the

United States, and 42 U.S.C. §§1983, and 1988 and 28 U.S.C. §§1331 and 1346 and *Bivens v. Six*

*Unknown Agents of Federal Bureau of Narcotics*, 403 U.S.388, 91 S.Ct.  1999, 29 L.Ed 2d 619,

(1971).

      2.     This action seeks redress for violations of the civil rights laws of the United States,

and jurisdiction is invoked pursuant to 28 U.S.C. §1346 and 42 U.S.C. §1983, and *Bivens*, supra,

which provides in relevant part for redress for every person within the jurisdiction of the United

States for the deprivation under color of state and/or federal law of any rights, privileges, or

immunities secured by the Constitution and laws.   This action is additionally brought against

Defendant Nunley, individually,  and Defendant Richards, individually, based upon the doctrine and

law of 28 U.S. §1983 and *Bivens  v.  Six Unknown Agents of Federal Bureau of Narcotics*, 403

U.S.388, 91 S.Ct.  1999, 29 L.Ed 2d 619, (1971) as in this case Plaintiffs were victims of  a

constitutional tort committed by Defendant Richards and  Defendant Nunley.  This constitutional

tort is not barred by 28 U.S.C. §1346 as set forth in 28 U.S.C. §2679(b).

      3.     The claims made in this Third Amended Complaint occurred and arose in the State

of Oklahoma, in City of Marlow, Oklahoma.  Venue is therefore proper under 28 U.S.C. §1391.

      4.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.  It is

further alleged that these violations and torts were committed as a result of policies and customs of

the Defendants.

      5.     Federal and State Tort Claims were timely presented and both are deemed denied.

## PARTIES

6.    Plaintiffs Tim Powell and Heather Powell, ("Plaintiffs") are citizens of the United States of America and were residents of City of Marlow, Stephens County, Oklahoma, at the time of the incident on June 26, 2007, and resided at 106 W. Osage, Marlow, Oklahoma at the time of the incident.

7.    On June 26, 2007, and all other relevant times herein, Agent Todd Nunley, was an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives  (hereinafter "ATF") of the United States of America,  Jimmie Bruner was the Sheriff of Stephen County, Oklahoma, (Wayne McKinney is the current Sheriff of Stephens County) and Rodney Richards was a Deputy of the Stephens County Sheriff's Office, in Duncan, Oklahoma.  The United States of America was the governing body of the Bureau of Alcohol, Tobacco, Firearms and Explosives.   It is and was at all times relevant hereto the Defendants' responsibility and duty to treat all citizens, including Plaintiffs, in accordance with minimum constitutional and statutory requirements.

8.    This action is brought in part, against the named individuals in their individual capacities and, where applicable, in their supervisory and official capacities.  Their authority to act was derived from Federal and Oklahoma state law and their own authority and/or the commands and directives of their superiors.  All of the acts of the individuals and entities listed in the following paragraphs were performed under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the United States and the laws of Oklahoma.

9.  Plaintiffs seek compensatory and punitive damages together with a reasonable attorney fee as authorized by 42 U.S.C. §1988.  While both State and Federal Tort Claim Acts prohibit punitive damages for Tort, punitive damages for 42 U.S.C. §1983 are allowed under the Governmental Tort Claim Act and for the constitutional torts alleged herein.

## FACTUAL ALLEGATIONS

10.    On June 26, 2007,  Defendant Nunley, Special Agent of the ATF and Defendant Richards obtained a search warrant to serve the premises located at 110 W. Osage, Marlow, Stephens County, Oklahoma.

11.    The Plaintiffs who resided at 106 W. Osage, Marlow, Oklahoma, were sleeping in their bed before midnight with their house secured for the night.  Defendants used force and violent entry into the home breaking in the front door causing property damage. The Fourth Amendment to the United States Constitution granted to Plaintiffs freedom from deprivation of life, liberty, or property without due process and under the Fourth Amendment to the United States Constitution which granted to Plaintiffs freedom from unreasonable search and seizure.

12.    The Plaintiffs were held at gunpoint by Defendants Nunley and Richards who forced Tim Powell to get out of bed naked.  Plaintiffs finally convinced Defendants they were not at the correct house and address.

13.    Defendants did not have any legal justification or excuse for their failure to obtain a search warrant prior to entering Plaintiffs' home.

14.     Defendants, along with other officers, entered Plaintiffs' residence without an arrest warrant, and without probable cause or reasonable suspicion to believe anyone inside plaintiff's home had committed a crime.

15.     Prior to and until the time that Defendants entered Plaintiffs' home, Defendants did not have probable cause to believe a crime had been committed.

16.     No immunity defense may be raised by Defendants since inter alia their conduct, acting under color of law, has violated Plaintiffs' clearly established constitutional and statutory rights for which a reasonable person would be aware and the actions of Defendants were objectively unreasonable.

17.     Where a reasonable officer, under the circumstances herein, would not have entered Plaintiffs' residence without a search warrant, or other legal cause, Defendants cannot claim the affirmative defense of qualified immunity.

## FIRST CLAIM FOR RELIEF

### -Entering a Home Without Warrant or Exigent Circumstances -

18.     The allegations contained in paragraphs 1 through 17 are incorporated by reference, specifically as to Defendant Nunley, individually, and Defendants Richards and Bruner, both individually and in their official capacities.

19.     Entering a home without permission, a warrant or exigent circumstances is *per se* unreasonable under the Fourth Amendment, subject only to a few specifically established and well

delineated exceptions.  Those who seek exception must show that exigencies of the situation made that course imperative and the burden is on those seeking the exemption to show the need for it. Absent a warrant, there must be probable cause and/or exigent circumstances which justify entering a home by force.

20.     Defendants Nunley and Richards authorized the warrantless entry into Plaintiffs' home without probable cause or exigent circumstances.

21.     Plaintiffs, Tim Powell and Heather Powell, are law-abiding citizens with no criminal history.  There was neither probable cause nor exigent circumstances which would invoke the actions of law enforcement to raid Plaintiffs' home.

22.     Upon entering Plaintiffs' home by force, defendant officers found Plaintiffs asleep in their bed, unarmed and unclothed.  Plaintiffs behaved with full compliance during the entire incident and did not resist or give reason to believe there could be any exigent circumstance or probable cause to justify their violent and inhumane treatment by law enforcement.

23.     The violation of Plaintiffs' rights is actionable under 42 U.S.C. §1983 and *Bivens*, supra, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for damages in excess of  $75,000 each.

24.     Plaintiffs are entitled to attorney fees and costs against the Defendants, jointly and severally, under 42 U.S.C. §1988.

25.     Plaintiffs are entitled to punitive damages against the individual Defendants, as

allowed by law, since Defendants' actions were objectively unreasonable, intentional, wanton, malicious and oppressive.

## SECOND CLAIM FOR RELIEF

### - Unlawful Search and Seizure -

26.     The allegations contained in paragraphs 1 through 25 are incorporated by reference, specifically as to Defendant Nunley, individually, and Defendants Richards and Bruner, both individually and in their official capacities.

27.     Searches conducted without a warrant are presumptively unreasonable, and Defendants are therefore required to present evidence of some exception to the warrant requirement contained in the Fourth Amendment to the Constitution of the United States.

28.     Defendants violated Plaintiffs' constitutional right to be free from unlawful searches and seizures in violation of the Fourth Amendment when they unlawfully entered and searched Plaintiffs' home.

29.     Defendants violated Plaintiffs' constitutional right to be free from unlawful searches and seizures in violation of the Fourth Amendment because their conduct was motivated not by probable cause to arrest, detain, and prosecute, but by poor intelligence and utter indifference in follow-through.

30.     The unlawful detention of Plaintiffs at the hands of the Defendants was an unreasonable and unlawful seizure in violation of the Fourth Amendment to the United States

Constitution, in that it was without probable cause and accomplished by the use of excessive force.

31.     Defendants acted under the color and pretense of Oklahoma state law.

32.     Defendants had no probable cause to believe Plaintiffs had committed, or were about to commit, a crime.

33.     Defendants knew or should have known that their actions violated Plaintiffs' right to be free from unlawful searches and seizures but proceeded to violate their rights anyway.

34.     As a direct and proximate result of Defendants' action, Plaintiffs were deprived of their right to liberty, to be secure in their person against unlawful and unreasonable seizure, to equal protection of the laws, to due process, in violation of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983 and *Bivens,* supra.  As a consequence, Plaintiffs have suffered damages and will suffer additional damages in the future in an amount to be determined at trial.

35.     The violation of Plaintiffs' rights is actionable under the Constitution of the United States, 42 U.S.C. §1983 and *Bivens,* supra,   and Plaintiffs are entitled to judgment against Defendants, jointly and severally, under that section for damages in excess of an amount  of $75,000 each.

36.     Plaintiffs are entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants' actions were intentional, wanton, malicious and oppressive.

## THIRD CLAIM FOR RELIEF

### -Unlawful and Degrading Detention -

37.     The allegations contained in paragraphs 1 through 36 are incorporated by reference, specifically as to Defendant Nunley, individually, Defendants Richards and Bruner, both individually and in their official capacities.

38.     Requests for the provision of clothing by the Plaintiffs in custody went ignored or unheeded, which left them unreasonably degraded or humiliated and caused an undue invasion of privacy, all in violation of the Fourth Amendment.

39.     The conduct of Defendants Nunley and Richards, and those other officers who raided Plaintiffs' home on June 26, 2007, was in gross violation of Plaintiffs' right to be clothed during detention under the Fourth Amendment to the U.S. Constitution.

40.     Plaintiffs Tim Powell and Heather Powell were left unclothed for sometime following the commencement of the raid.

41.     Defendant officers further violated Plaintiffs' rights under the Fourth Amendment by intentionally inflicting humiliation, embarrassment and shame during said raid.

42.     Defendant officers further violated Plaintiffs rights under the Fourth Amendment when they did not allow them to clothe themselves at the commencement of the raid.  This unreasonably degrading element of Plaintiffs' detention created further humiliation and embarrassment for plaintiff s and further violated their Fourth Amendment rights.

43.     The violation of Plaintiffs' rights is actionable under the Constitution of the United

States, 42 U.S.C. §1983 and *Bivens,* supra, and Plaintiffs are entitled to judgment against

Defendants, jointly and severally, under that section for damages in an amount in excess of $75,000

each.

44.     Plaintiffs are entitled to attorney fees and costs against the Defendants, jointly and

severally, under 42 U.S.C. § 1988.

45.     Plaintiffs are entitled to punitive damages against the individual Defendants, as

allowed by law, since Defendants' actions were intentional, wanton, malicious and oppressive.

## FOURTH CLAIM FOR RELIEF

### - Illegal Search of the Wrong Residence in Violation

### of the Fourth Amendment -

46.     The allegations contained in paragraphs 1 through 45 are incorporated by reference,

specifically as to Defendant Nunley, individually, and Defendants Richards and Bruner, both

individually and in their official capacities.

47.     The authority of police officers to search premises that are described in a warrant is

not unlimited.  If, prior to or during a search, officers become aware that a warrant describes multiple

residences, officers must confine their search to the residence of the suspect.  The law is well

established that officers conducting a search of premises are required to discontinue a search as soon

as they discover they were on notice of the risk that they might be on property not  included within

the terms of a warrant.

48.     A copy of the warrant used in connection with the raid which purportedly authorized a search of Plaintiffs' home, clearly identifies and describes a property not occupied by Plaintiffs.

49.     Defendants Nunley and Richards conspired and authorized the raid at Plaintiffs' home with clear knowledge, actual or imputed, that Plaintiffs' home was a separate and distinct residence, separate and apart from those premises described in the warrant.

50.     The violation of Plaintiffs' rights is actionable under the Constitution of the United States, 42 U.S.C. §1983 and *Bivens,* supra, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, under that section for damages in excess of an amount of $75,000 each.

51.     Plaintiffs are entitled to attorney fees and costs against the Defendants, jointly and severally, under 42 U.S.C. §1988.

52.     Plaintiffs are entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants' actions were intentional, wanton, malicious and oppressive.

## FIFTH CLAIM FOR RELIEF

### - Unlawful Use of Excessive Force By Defendants -

53.     The allegations contained in paragraphs 1 through 52 are incorporated by reference, insofar as this claim is against the Defendant Nunley, individually, and Defendants Richards and Bruner, both individually and in their official capacities.

54.     Under the Fourth Amendment, the most important single element in analyzing the reasonableness of force is whether a suspect posed an immediate threat to the safety of the officers or others.  The proper focus in determining the reasonableness or not of force used is on events *immediately* confronting officers when they decide to use force.  The Fourth Amendment dictates that force is not reasonable when a suspect is non-violent and poses no threat and force is not permitted at all when there is no need to use force.

55.     Under the Fourth Amendment, pointing a gun at someone may constitute excessive force, and police officers do not have the right to shove, push or otherwise assault innocent persons without any provocation.  In fact, unprovoked pushes and shoves give rise to liability.

56.     It is clear that Plaintiffs Tim Powell and Heather Powell were in a position of total compliance, as Plaintiffs were found asleep in their bed at the time of the raid.

57.     Defendant officers Nunley, as agent of the ATF of the Defendant the United States of America, and Defendant Richards, individually and in his official capacity, clearly used excessive force when Plaintiffs were presented with tremendous and severe fear with heavily-armed officers breaking into their home by force, charging on their persons and pointing firearms at their heads and bodies.

58.     Defendant officers continued to hold Plaintiffs in custody and at gunpoint for an excessive period of time.

59.     The violation of Plaintiffs' rights is actionable under 42 U.S.C. §1983 and *Bivens*,

supra, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, under that section for damages in excess of an amount of $75,000 each.

60.     Plaintiffs are entitled to attorney fees and costs against the Defendants, jointly and severally, under 42 U.S.C. §1988.

61.     Plaintiffs are entitled to punitive damages against the individual Defendants, as allowed by law, since Defendants' actions were intentional, wanton, malicious and oppressive.

## SIXTH CLAIM FOR RELIEF

### - Trespass -

62.     The allegations contained in paragraphs 1 through 61 are incorporated by reference, insofar as this claim is against the Defendant the United States of America and Defendants Richards and Bruner, both individually and in their official capacities.

63.     The defendant officers Nunley, as agent of the ATF of the Defendant the United States of America, and Defendant Richards, individually and in his official capacity, negligently and recklessly entered into Plaintiffs' home without legal authority from which the Plaintiffs suffered severe emotional distress and injury.

64.     Defendant officers demonstrated total disregard for the Plaintiffs' property, as they broke into the home and broke down the front door.  This forcible entry into the Plaintiffs' premises by the Defendants was in direct violation of Plaintiffs' rights pursuant to 28 U.S.C. §1346.

65.     Plaintiffs are entitled to damages.

## SEVENTH CLAIM FOR RELIEF

### - Intentional and Negligent Infliction of Emotional Distress -

66.     The allegations contained in paragraphs 1 through 65 are incorporated by reference, insofar as this claim is against the Defendant the United States of America, and Defendants Richards and Bruner, both individually and in their official capacities.

67.     That the Defendants wrongfully and/or negligently and recklessly entered the Plaintiffs' home without permission or consent of the owner, and said entry was unlawful, outrageous, reckless, or malicious in that the Defendants intended causing Plaintiffs severe emotional distress or so acted when the Defendants knew or should have known that their conduct would cause or likely to cause severe emotional distress.

68.     That as a direct and proximate result of Defendants conduct, Plaintiffs have suffered severe emotional distress and injury and other damages.

## EIGHTH CLAIM FOR RELIEF

### - Assault and Battery -

69.     The allegations contained in paragraphs 1 through 68 are incorporated by reference, insofar as this claim is against the Defendant the United States of America, and Defendants Richards and Bruner, both individually and in their official capacities.

70.     The Defendants intentionally, recklessly and negligently violated Plaintiffs' rights under the color of law by the following specific actions, but not limited to:

      a.      Deprivation of their right to be protected from assault and battery;

      b.      The Defendants, negligently and/or recklessly deprived Plaintiffs of their right to be protected from risk of bodily injury, the Defendants being fully cognitive of the assault and battery while it was taking place;

71.      From this assault and battery, the Plaintiffs suffered damages pursuant to 28 U.S.C. §1346.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray judgment against Defendants as follows:

1.      For general compensatory damages in excess of $75,000 for each plaintiff;

2.      For special damages as are shown at trial;

3.      For punitive damages against named individuals as may be allowed by law;

4.      For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

5.      For Plaintiffs' costs and reasonable attorney fees incurred herein, pursuant to 42 U.S.C. §1988; and

6.      For such other and further relief as the Court deems just and proper.

DATED this 22nd day of April, 2009.

Respectfully submitted,

STUART, FRIEDA & HAMMOND, P.C.

By:/s/_____John M. Stuart_____
John M. Stuart, OBA#8709
**ATTORNEYS FOR Plaintiffs**
STUART, FRIEDA & HAMMOND, P.C.
1111 W. Willow, Suite 100
Duncan, Oklahoma 73533
Telephone: (580) 252-9033
Facsimile: (580) 252-6251
sfhpc@sfhpc.net

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2009, I electronically transmitted the attached document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Chris Collins, Esq.  and Stephen L. Geries, Esq.
Attorney for Defendant Bruner and Richards

H. Lee Schmidt, Esq.
Attorney for Defendant Nunley

s/ John M. Stuart_____
John M. Stuart